HOLMBERG, Respondent, v. DUNKELBERGER, Appellant.

(164 N. W. 72.)

(File No. 4130.   Opinion filed August 23, 1917.)

1. **Trespass—Damages to Crops by Cattle—Action, Prior Notice of Damages—Question for Jury—Verdict, Under Instructions, As Proof of Notice.**

   Where, in a suit to recover damages to plaintiff's corn from trespass by defendant's cattle, defendant claimed the only notice plaintiff gave him prior to bringing suit, under Laws 1907, Chap. 244, Sec. 3, requiring that, prior to suit, plaintiff shall notify owner of animals of the damage and probable amount thereof, was that he would settle for $150. while plaintiff testified he told defendant the cattle had done $150. worth of damage, and trial court submitted question to jury whether plaintiff notified defendant of probable amount of damage, held, that the jury, by its verdict in plaintiff's favor, must have found such notice was given.

2. **Appeals—Week Day Notice of Damages, Evidence of Sunday Notice, Effect—Error, Prejudice.**

   In a suit for damages for trespass by animals, held, that even if notice of damages, required to be given before suit under Laws 1907, Chap. 244, Sec. 3, could not lawfully have been given on Sunday, yet the admitting of such evidence was not prejudicial error, where plaintiff afterward testified that such notice was also given on Monday.

Appeal from Municipal Court of Sioux Falls.  Hon. ALPHA F. ORR, Judge.

Action by Carl Holmberg, against Jeremiah C. Kunkelberger, to recover damages for trespass by animals.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*A. J. Keith,* and *L. M. Morris,* for Appellant.

*Kirby & Kirby,* for Respondent.

GATES, P. J.  Action for damages for trespass by animals. Judgment for plaintiff.  From the judgment and an order denying a new trial, defendant appeals.  Section 3, c. 244, Laws 1907, reads as follows:

"The parties sustaining damages done by animals as mentioned in section one before commencing an action thereon shall notify the owner or person having in charge such offending animal or animals, of such damage, the probable amount thereof, provided he knows to whom such animal or animals belong."

[1] Defendant claims that the only notice plaintiff gave him prior to bringing the action, in addition to the notice that defendant's cattle had damaged his corn, was that he would settle for $150.  Defendant claims that such a notice is not a notice of the amount of damages as required by said act.  On the other hand, plaintiff testified: "I told Dunkelberger his cattle had done $150 worth of damage to my corn."  The trial court submitted to the jury the question whether the plaintiff notified defendant of the probable amount of damage.  The jury by its verdict must have found that such notice was given.

[2] Defendant further claims that such notice as plaintiff did give was given on Sunday, and therefore a nullity.  It is true that on cross-examination the plaintiff testified as follows:

"Q. You say the only times you said anything to Dunkelberger about the amount of damage was on the Sunday following the 13th of March?  A. Yes, sir."

But he afterwards testified to a conversation had with defendant on Monday, March 13, 1916, as follows:

"We were talking about it on the 13th of March, about the price.  He said he was going over and look.  Q. Did you tell him at that time that the cattle had done $150 worth of damage? A. I believe I did too; well, I told him, I said, they took all the

corn, and it must be worth that much. I told Dunkelberger his cattle had done $1·50 worth of damage to my corn."

In view of this testimony we cannot say that it was prejudicial error for the court to receive evidence of the Sunday notice, even if the notice required by the above section of statute is one that cannot lawfully be given on Sunday.

Defendant further claims that the evidence was insufficient to show damage or to show that it was plaintiff's cattle that did the damage. We have examined the evidence, and find it sufficient to justify the verdict in these respects.

Finding no error in the record, the judgment and order appealed from are affirmed.